IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| REGINA STALNAKER, AS ONE § <br> OF THE SURVIVING HEIRS AND § <br> AS ADMINISTRATOR OF THE § <br> ESTATE OF MALCOLM STONE, § <br> DECEASED, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> CRACKER BARREL OLD § <br> COUNTRY STORE, INC., § <br> § <br> Defendant. § | CIVIL ACTION <br><br> FILE NO. 7:25-cv-00143-WLS |

## STIPULATION AND CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED by and among the parties set forth below, subject to further order of the Court, that:

1. This Stipulation and Confidentiality Order (the "Stipulation") governs the production and handling of documents, testimony, and other information (collectively "discovery material") produced by the parties hereto in connection with this lawsuit.

2. All discovery material designated as "Confidential" pursuant to paragraph 3 below shall be used by the party receiving such discovery material (hereinafter the "Receiving Party") solely for the purposes of conducting this proceeding. The material designated "Confidential"

1

4933-3348-1096, v. 2

may be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery. The Receiving Party and all persons acting by, through, or on behalf of the Receiving Party of material designated "Confidential" pursuant to the terms of this Stipulation are prohibited from using such designated materials for any business purpose other than for purposes of this litigation.

3. Any party providing discovery materials (the "Producing Party") may designate as "Confidential" any discovery materials produced by that party which the producing party in good faith believes to contain commercially sensitive or proprietary information by stamping "CONFIDENTIAL" on each page of the documents which the Producing Party wishes to designate as confidential. Notwithstanding the designation of discovery materials as "Confidential", the restrictions contained in paragraphs 3 through 6 of this Stipulation shall not apply to discovery materials that are:

   a. Otherwise publicly available; or

   b. Provided to one or more of the parties from a source other than the Producing Party provided that such source did not:

      i. Receive the discovery materials in question or the information

      contained therein under any confidentiality or other restriction; or

    ii. Provide the discovery material in question or the information contained therein to the Producing Party under such restriction.

Any party may challenge a confidentially designation by appropriate motion. The party making the designation shall bear the burden of proving that the material so designated is entitled to confidential treatment. Pending final resolution of any challenge to a "Confidential" designation, the material so designated shall be treated as "Confidential" and shall be handled consistent with the terms of this Stipulation.

4. The Producing Party may, on the record of a deposition or by written notice to counsel for all parties not later than 60 days after receipt of a deposition transcript, designate all or any portion thereof as "Confidential" under the terms of this Stipulation. During the 60-day period, all transcripts, exhibits marked at the deposition, and the information contained therein will be deemed "Confidential" in their entirety under the terms of this Stipulation.

5. Access to all materials designated "Confidential" and produced for inspection or received in this lawsuit shall in the first instance be limited

to counsel of record for the named parties, in-house counsel, and attorneys and employees of the firms of the counsel of record.

6. Provided the provisions of paragraph 7 are strictly followed, discovery materials designated as "Confidential" also may be shown by the Receiving Party to:

    a. The parties to this action, including such employees, agents and/or representatives of the parties as are necessary for the conduct or defense of this litigation;

    b. Any expert (including both consulting and/or testifying experts); and

    c. Any person testifying or scheduled to testify at a deposition or at any hearings in this litigation only upon the following terms and conditions:

7. Before making disclosure to any such persons set forth in paragraph 6(a) – (c) above, the Receiving Party must obtain an agreement in writing from the person(s) to whom the Receiving Party wishes to make disclosure in the form hereto attached as Exhibit "A". A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom materials stamped "Confidential" have been given, which file shall upon request be available for inspection and copying by

all other attorneys of record herein. Within 60 days of the final termination of this action, all "Confidential" discovery material supplied by any party, and all copies thereof, shall be returned to the party that made any such disclosure, and counsel shall return to the Producing Party such "Confidential" material pursuant to the provisions of paragraph 10.

8. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Stipulation shall not:

    a. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

    b. Prejudice in any way the rights of a party to seek a determination of whether particular discovery materials should be produced; or

    c. Prejudice in any way the rights of a party to move the Court for further protective orders relating to any confidential information.

9. This Stipulation has no effect upon, and its scope shall not extend to any party's use of its own confidential information.

10. Within 30 days of the final termination of this matter, all "Confidential" discovery material supplied by any party, and all copies thereof, shall be returned to the party from whom materials designated as "Confidential" pursuant to this Stipulation were obtained.

11. The inadvertent failure of a Producing Party to designate discovery

materials as "Confidential" shall not be deemed, by itself, to be a waiver of the party's right to so designate such discovery materials. If such inadvertent disclosure is made, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take steps as necessary to correct such failure after becoming aware of it. If the party producing information does not make any notifications that the information is to be treated as "Confidential", the Receiving Party may treat this information as being non-confidential.

12. Nothing contained herein shall preclude the parties from stipulating in writing to waive, modify or change the provisions hereof, subject to the Court's approval of any such stipulation.

13. Any party to this Stipulation may at any time move the Court, prior to the production of any specified discovery material, for greater confidentiality protection to the discovery material in question.

14. No part of the restrictions imposed by this Stipulation may be terminated, except by written agreement executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this litigation shall not automatically terminate this Stipulation.

15. The parties agree that this Stipulation may be executed in a number of

counterparts, each of which shall be considered an original instrument, but all of which together shall be considered one and the same instrument.

SO ORDERED, this 20th day of January, 2026.

_____
THE HONORABLE W. LOUIS SANDS
United States District Court Sr. Judge
Middle District of Georgia
Valdosta Division

Respectfully submitted, this 16th day of January, 2026.

JODY D. PETERMAN, LLC

/s/ T. Micheal Burke, Jr.
T. MICHAEL BURKE, JR.
Georgia Bar No. 106106
*Counsel for Plaintiff*
[Signed with express permission]

107 E. Pine St.
Fitzgerald, GA 31750
(229) 392-5050
Mburke.petermanlaw@gmail.com

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

/s/ Jonathan Garcia
CRAIG P. TERRETT
Georgia Bar No. 702410
JONATHAN GARCIA
Georgia Bar No. 533916
*Counsel for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cterrett@cmlawfirm.com
jgarcia@cmlawfirm.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| REGINA STALNAKER, AS ONE OF THE SURVIVING HEIRS AND AS ADMINISTRATOR OF THE ESTATE OF MALCOLM STONE, DECEASED, <br><br> Plaintiff, <br><br> vs. <br><br> CRACKER BARREL OLD COUNTRY STORE, INC., <br><br> Defendant. | CIVIL ACTION <br><br> FILE NO. 7:25-cv-00143-WLS |

## CONFIDENTIALITY AGREEMENT – (EXHIBIT "A")

I, _____, hereby acknowledge and agree as follows:

1. I have read the Stipulation and Confidentiality Order of which the form of this Agreement is an Exhibit.

2. I understand the terms of the Stipulation and Confidentiality Order and agree to be bound by, and to strictly adhere to, all terms and provisions of the Stipulation and Confidentiality Order.

3. I agree for the United States District Court Middle District of Georgia, Valdosta Division to have jurisdiction in the above-referenced matter solely for purpose of enforcement of the Stipulation and Confidentiality Order.

4933-3348-1096, v. 2

This \_\_\_\_ day of _____, 2026.

_____